Sheila **RAY–HAYES**, As Parent and Natural Guardian of Amanda K. Ray, Appellant (Plaintiff Below),

v.

Ryan S. **HEINAMANN**, Nissan Motor Company, Ltd., and Nissan North America, Inc., Appellees (Defendants Below).

No. 89S05–0201–CV–306.

Supreme Court of Indiana.

May 29, 2002.

Thomas C. Doehrman, Indianapolis, IN, Attorney for Appellant.

Wayne C. Kreuscher, Michael D. Moon, Jr., Indianapolis, IN, Attorneys for Appellee.

## ON PETITION FOR REHEARING

BOEHM, Justice.

On January 2, 2002, this Court issued a per curiam decision resolving a conflict between the Court of Appeals' opinions in this case, *Ray–Hayes v. Heinamann*, 743 N.E.2d 777 (Ind.Ct.App.2001) and *Fort Wayne Int'l Airport v. Wilburn*, 723 N.E.2d 967 (Ind.Ct.App.2000), *trans. denied*. The two opinions disagreed over whether a civil action is timely commenced if a plaintiff files a complaint within the applicable statute of limitations period, but does not tender the summons to the clerk within that period. We held that under these circumstances the action is not timely and affirmed the trial court's dismissal of Sheila Ray–Hayes' claims against Nissan Motor Company, Ltd., Nissan North America, Inc., and Nissan Motor Corporation In U.S.A (collectively "Nissan"). *Ray–Hayes v. Heinamann*, 760 N.E.2d 172, 175 (Ind.2002). On January 31, Ray–Hayes filed a petition for rehearing asking this Court to apply that decision only prospectively. For the reasons that follow, we grant her petition.

■■■ Petitions for rehearing are extremely rarely granted. 24 George T. Patton, Jr., Indiana Practice, § 12.1 at 226 (3d ed.2001). Ray–Hayes asks us to take another very unusual step and apply the decision in her case only prospectively. Appellate court decisions routinely apply to the parties involved, and everyone else, even when addressing an unresolved point of law. In *Bayh v. Sonnenburg*, 573 N.E.2d 398, 406 (Ind.1991), this Court followed the three-prong test employed by the United States Supreme Court to determine when to follow the unusual course of applying a decision prospectively. First, the decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. *Id.* (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)). Second, we look at the purpose and effect of the rule, and whether retrospective operation will further or retard its operation. *Id.* Finally, we weigh the inequity imposed by retroactive application. *Id.*

■■■ Ray–Hayes contends that our holding was a "radical departure from prior appellate decisions" and that, when she filed her complaint in September 1999, "it was generally understood among Indiana trial lawyers that the filing of a complaint tolled the statute of limitations." Nissan argues, as it did in its petition for transfer, that there was no departure from existing law, citing this Court's opinion in *Boostrom v. Bach*, 622 N.E.2d 175, 177 n. 2 (Ind.1993), which referred to the summons as one of those documents "necessary to commencement of a suit." In support of her petition for rehearing, Ray–Hayes calls to our attention a recent lecture presented by Professor William F. Harvey, author of a series of Indiana Practice treatises on the Indiana Rules of Procedure. In his prepared remarks, Professor Harvey wrote, "No attorney in his right mind would have superimposed Small Claims Rule 3 upon Trial Rule 3, whether after *Boostrom* in 1993, or *Wilburn* in 2000." Although this case and most others turn on Trial Rule 3, not Small Claims Rule 3, we take this claim to apply to both.

We do not agree with Ray–Hayes that Professor Harvey's remarks conclusively evidence a "common understanding" among Indiana attorneys that filing the summons was not necessary to toll the

statute of limitations. Nor, in our experience, was there such a common understanding. Nevertheless, it is significant that Professor Harvey held this view and stated as much in his widely used treatise. *See* 1 William F. Harvey, Indiana Practice, § 3.3 at 74 (3d ed.1999). Although Trial Rule 4(B) states that "[c]ontemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary," the treatise tracked the following language of former Trial Rule 3 without qualification or reference to Rule 4: "When the plaintiff files the complaint with the clerk of the court, the action is commenced." Harvey, *supra,* § 3.3. Several judges on the Court of Appeals shared the view that service of the summons was not needed to toll the statute of limitations, and it is regrettable that former Trial Rule 3 did not explicitly refer to the summons. Finally, this Court's mention of the summons in *Boostrom* came in a footnote. Under these circumstances, we think the resolution of this issue was arguably a surprise, at least to some. It was not "clearly foreshadowed."

The second *Sonnenburg* factor seems marginally relevant. As explained above, the issue of whether filing the summons is required to toll the statute of limitations was arguably unresolved when Ray–Hayes filed her complaint against Nissan. The recent amendments to Trial Rule 3,[1] effective April 1, 2002, essentially do what Ray–Hayes contends was not done until our January 2 holding, and for the future this problem is resolved.

The third factor, however, warrants giving relief to Ray–Hayes. Dismissal of her complaint as a result of her understanding of the rule, which was shared by some respected authorities on Indiana law, is a particularly harsh result. *Cf. McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180–81 (Ind.1993) (where rule concerning disclosure of rebuttal witnesses was not clearly established, exclusion of expert testimony too harsh a result). The offsetting unfairness is minimal unless a defendant can show detrimental reliance on the passage of time between filing the complaint and the service of summons. The rule of law we announced in this case did not create new substantive rights. Parties are entitled to rely on procedural rules, but in this case it appears there may have been no reliance. If so, the balance of inequity is tipped heavily in favor of prospective application.

We do not suggest that appellate court opinions concerning the proper operation of a trial rule are to be prospective frequently or even occasionally. Prospective application in this case is a product of its very specific circumstances: the diversity of opinion among legal experts as to the proper application of Trial Rule 3 when Ray–Hayes' complaint was filed, that retrospective application of our decision to Ray–Hayes' case will not further that holding's operation, the harsh result of dismissal, and the apparent lack of prejudice to the opposing parties from delay in the service of summonses.

We grant Ray–Hayes' petition for rehearing, vacate the trial court's dismissal of her action against Nissan for failure to tender summonses before the statute of limitations expired, and remand for further proceedings, including an opportunity for

---

1. Trial Rule 3 now states:
    A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

the defendants to renew their motions to dismiss if they can establish a material detriment in the presentation of their case or otherwise occurring as a result of the delay in issuance of summons and notification to them that a claim had been asserted.

DICKSON and RUCKER, JJ., concur.

SHEPARD, C.J., and SULLIVAN, J., dissenting, would deny rehearing.