**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 02 2013, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM SCHABLER**
Schabler Law Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**W. BRENT THRELKELD**
**ASHLIE K. KEATON**
Threlkeld & Associates
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MARIA TORRES,                                )
                                             )
    Appellant-Plaintiff,             )
                                             )
       vs.                       )   No. 49A02-1302-CT-122
                                             )
LOVISA ENDERS,                               )
                                             )
    Appellee-Defendant.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49D14-1209-CT-36091

**July 2, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Maria Torres ("Torres") appeals from the trial court's order dismissing her negligence action against Lovisa Enders ("Enders"), contending that the claims representative for Enders's insurance company agreed to toll the statute of limitations and waive service of process.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The facts alleged in Torres's complaint are that, on September 24, 2010, while she was attempting to walk north on Illinois Street crossing Washington Street, Torres was struck by a vehicle operated by Enders, who was attempting to make a left turn from Illinois Street onto Washington Street. On September 13, 2012, Torres filed her complaint, alleging negligence against Enders and paid the filing fee. On November 15, 2012, Enders filed a motion to dismiss Torres's complaint, alleging that it was deficient for failure to tender a summons along with the complaint and filing fee within the two-year statute of limitations. Torres filed a verified response to the motion alleging that she was not required to tender the summons because there was an "agreement made between the parties to toll any statute of limitations." *Appellant's App*. at 12. In support of her response, Torres attached a copy of a letter, dated October 18, 2012, addressed to the insurance claims representative, Arlene Herkomer ("Herkomer"), enclosing a courtesy copy of the complaint. Also attached to Torres's response, was a copy of an alias summons to Enders, file stamped November 20, 2012.

The trial court dismissed the cause of action by an order entered on December 3, 2012.

2

On January 2, 2013, Torres filed a motion to correct error, or in the alternative, motion to reconsider. The trial court denied Torres's requested relief by an order dated January 7, 2013. Torres now appeals. Additional facts will be supplied as necessary.

**DISCUSSION AND DECISION**

Torres contends that the trial court erred by granting the motion to dismiss instead of awarding her equitable relief. She also claims the trial court erred by failing to consider the undisputed evidence that the parties had entered into a tolling agreement, thereby negating any claim brought by Enders based upon the statute of limitations. Enders claims that Torres's failure to tender to the clerk a summons with the complaint and filing fee is conclusive evidence that the trial court correctly dismissed Torres's complaint.

We begin our review of the issues presented in this appeal by reviewing the requirements of Indiana Rule of Trial Procedure 3 ("Rule 3"). Rule 3 provides as follows:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

It is axiomatic that an action seeking damages for personal injury alleged to have been caused by one's negligence is a civil action. An action for injury to a person must be commenced within two years after the cause of action accrues. Ind. Code § 34-11-2-4.

In *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173-74 (Ind. 2002), *reh'g granted*, 768 N.E.2d 899 (Ind. 2002), our Supreme Court resolved a conflict in cases decided by this court and held that a civil action is not timely commenced if a plaintiff files the complaint within

3

the applicable statute of limitations, but does not tender a summons to the clerk within the statutory period. The Supreme Court opinion on rehearing announced that its decision applied prospectively, and vacated the dismissal of Ray-Hayes's claim. Rule 3 was amended, effective April 1, 2002, to include the language cited above involving the payment of the filing fee and service of process of copies of the complaint and summonses. Additionally, Indiana Rule of Trial Procedure 4(B) provides in pertinent part that "[c]ontemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary. . . ."

Enders filed a motion to dismiss Torres's complaint under Indiana Rule of Trial Procedure 12(B)(6) ("Rule 12(B)(6)"). In pertinent part, Rule 12(B)(6) provides as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:
>
> . . . .
>
> (6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17;
>
> . . . .
>
> *If*, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.* In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(Emphasis added).

4

Attached as exhibits to Enders's motion to dismiss, were the chronological case summary for the cause of action and service-of-process list. Torres's verified response in opposition to Enders's motion to dismiss was comprised of factual assertions and legal argument in support of Torres's position that the defense based on the statute of limitations was precluded by virtue of the existence of a tolling agreement. Torres's verified response contained the following language pertinent to our decision:

> Prior to timely filing the Complaint and paying the filing fee, undersigned counsel spoke on multiple occasions about Ms. Torres'[s] claim with Ms. Herkomer, who represented herself as an agent for Defendant. During a telephone conversation shortly before the Complaint was filed, Ms. Herkomer requested additional documentation in order to continue negotiations concerning Ms. Torres'[s] claim. Undersigned counsel agreed to provide additional documentation, but requested that Ms. Herkomer agree to a tolling of the upcoming statute of limitations in order for the parties to have time to resolve the claim without litigation. Ms. Herkomer agreed.
>
> In reliance upon that agreement, undersigned counsel agreed to file, but not serve a Complaint against Ms. Enders and provide Ms. Herkomer with a courtesy copy of that Complaint. After the Complaint was filed, undersigned counsel provided Ms. Herkomer with a copy of the Complaint, as the parties had agreed. A copy of that correspondence is attached hereto as Exhibit A. A summons has now been filed with the Court. See Copy of Summons attached as Exhibit B. Therefore, Defendant, at least by representative and agent, received prompt and formal notice that a lawsuit had been filed. Defendant has not, and cannot, argue that she was surprised by the filing of this lawsuit.

*Appellant's App*. at 14-15. After the trial court granted the motion to dismiss, Torres filed a motion to correct error or to reconsider, attached to which was a list Torres claimed was a phone log showing calls made between Torres's counsel and Herkomer.

The trial court had before it Enders's motion to dismiss, which itself included matters outside the pleading, *viz*., the chronological case summary for the cause of action and the

5

service of process list. Also before the court was Torres's verified response to the motion including factual allegations of a tolling agreement, Herkomer's representation that she was an agent for Enders, and documentation in support of the existence of the tolling agreement. Enders did not respond to those arguments or allegations, and the trial court did not exclude any of the additional documentation. Thus, because Torres was the non-moving party, and the factual allegations of Herkomer's representation that she was Enders's agent and agreed to toll the statute of limitations[1] were uncontroverted, the trial court should have treated Enders's motion to dismiss as a motion for summary judgment on the issue of whether Torres's complaint was timely brought and should have denied the motion.

In sum, the motion to dismiss brought under Rule 12(B)(6) converted to a motion for summary judgment once the additional matters were presented to and not excluded by the trial court. Therefore, the trial court erred by granting the motion to dismiss Torres's complaint and should have granted summary judgment in favor of Torres on the issue of whether it was timely brought. We reverse and remand this matter to the trial court with instructions to vacate its order dismissing Torres's complaint and reinstate Torres's cause of action.

Reversed and remanded.

VAIDIK, J., and PYLE, J., concur.

---

[1] Neither the issue of whether an insurer can waive service of process or toll a statute of limitations by agreement on behalf of the insured, nor the question whether an insurance company which engages in such activity commits fraud, misrepresentation or other independent tort is before us. Accordingly, we express no opinion on these issues.