**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 02 2013, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**EDWARD L. MURPHY, JR.**
**WILLIAM A. RAMSEY**
Murphy Ice & Koeneman, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

**NICHOLAS J. WAGNER**
**DARRON S. STEWART**
Steward & Stewart
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FIREWORKS WEST INTERNATIONAL, et al., | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1211-CT-582 |
| | ) | |
| DAVID PRIM, et al., | ) | |
| | ) | |
| Appellee-Plaintiffs. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robin L. Moberly, Judge
Cause No. 49D05-0904-CT-16339

**July 2, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Fireworks West International (Fireworks), *et al.*, appeals the trial court's denial of its motion for summary judgment in favor of Appellees-Plaintiffs, David Prim, as Administrator of the Estate of Susan Prim, and Brodie and Tyler Prim, Individually (collectively, the Prims).

We affirm.

## ISSUE

Fireworks raises two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court properly denied its motion for summary judgment after concluding that the Prims' Fifth Amended Complaint was timely filed prior to the expiration of the statute of limitations.

## FACTS AND PROCEDURAL HISTORY

On August 17, 2008, Susan Prim (Susan), along with her two sons, Brodie and Tyler, attended a wrestling event at Conseco Fieldhouse in Indianapolis, Indiana. During the event, Susan suffered an asthma attack allegedly caused by the pyrotechnics that were set off. The Prims assert that Fireworks manufactured one particular kind of pyrotechnic that was used during the match. Susan later died.

On April 7, 2009, the Prims filed their original Complaint for damages. On August 7, 2009, the Prims filed an Amended Complaint, adding five new defendants. On July 28, 2010, the Prims sought to add Fireworks as a defendant by filing a motion for leave to file a Fourth Amended Complaint. Subsequently, on August 16, 2010, the Prims

2

filed another motion for leave to file a Fifth Amended Complaint. In the caption of the proposed Fifth Amended Complaint, Fireworks was a named defendant. The trial court did not rule on either the July 28, 2010 or the August 16, 2010 motions for leave to amend until August 30, 2010, fourteen days after the statute of limitations had expired. On August 30, 2010, the trial court issued its order, stating

> [The Prims'] Fourth motion to amend Complaint is moot. The court has granted [the Prims'] Fifth motion to amend Complaint. No answers to the prior complaint are required. Answers will be due to the Fifth amended complaint per trial rule.

(Appellant's App. p. 242).

On September 10, 2010, the Prims filed a motion to amend the trial court's August 30, 2010 order, requesting the trial court change its order to reflect an August 16, 2010 filing date for the Fifth Amended Complaint, which included Fireworks as a party in its caption. The trial court granted the Prims' motion, reflecting a file-date of August 16, 2010. On September 13, 2010, the summons for the Fifth Amended Complaint was filed.

On April 2, 2012, Fireworks filed its motion for summary judgment, alleging that the Prims' claims were filed after expiration of the statute of limitations and therefore time-barred. Together with its motion, Fireworks filed a memorandum in support and a designation of evidence. The Prims did not respond. On June 28, 2012, the trial court conducted a hearing and issued its Order denying Fireworks' motion for summary judgment on September 14, 2012, stating, in pertinent part:

> [The Prims have] moved for, and received, permission to amend the complaint to add new defendants. One of these amendments to add an additional defendant, specifically the fourth amendment to add [Fireworks], occurred on July 28, 2010, via certified mail. On this date, the [Prims] filed [their] Motion for Leave to File Fourth Amended Complaint which for the purposes of this motion in all manner complied with the procedural requirements to add [Fireworks] as a proper defendant and was timely. The [c]ourt did not rule on this motion.

3

Shortly thereafter, [], [the Prims] hand-filed [their] Motion for Leave to File Fifth Amended Complaint, which included [Fireworks] as a defendant. Unfortunately, due to the 15-day requirement of our local rules before issuing a ruling, and the court's lack of knowledge of the looming statute of limitations the [c]ourt granted the Fifth Motion and deemed the Fourth Motion to be moot, since all of the allegations against [Fireworks] were included in the Fifth Amended Complaint. The unintended consequence of this procedural misstep by the [c]ourt was to create an issue as to the running of the statute of limitations and therefore the filing of this Motion for Summary Judgment by [Fireworks].
. . .

The Fourth Motion was timely filed and this [c]ourt considered it to be granted by this [c]ourt's granting of the Fifth Motion, which includes the allegations against [Fireworks]. [Fireworks] argues that the summons was not file-stamped before the running of the statute of limitations. However, the clerk's file stamp cannot be conclusive evidence of whether the summons was timely tendered to the [c]ourt since the clerk would not have filed the amended Complaint or the summons until the Motion for Leave to Amend was approved by the [c]ourt.

Additionally, Trial Rule 15(C) provides for the relation back of an Amended Complaint even when filed after the statute of limitations has run. . . . Notice is the key to relation back under T.R. 15(C). The rule does not require that a summons be served before the statute of limitations has expired but only that the new defendant have such notice of the action so that he will not be prejudiced in maintaining his defense on the merits. [Fireworks] has failed to show that the relation back provisions of T.R. 15(C) do not apply.

(Appellant's App. pp. 31-33) (internal citation omitted).

On October 10, 2012, Fireworks filed a motion to reconsider or, in the alternative, a motion to certify the trial court's Order for interlocutory appeal. On October 29, 2012, the trial court certified its Order for interlocutory appeal, which this court subsequently accepted.

Fireworks now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

4

## I. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . ., or if the undisputed facts support conflicting reasonable inferences. *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*.

Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

We observe that in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in

5

summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its decision and facilitate appellate review. *Id.*

## II. *Statute of Limitations*

Fireworks contends that the Prims' claim is barred by the statute of limitations because they failed to timely file a summons together with their Fifth Amended Complaint. However, prior to reaching Fireworks' argument on its merits, we evaluate the extent of the evidence that was properly designated to the trial court in these summary judgment proceedings.

## A. *Designated Materials*

With respect to the designated materials for summary judgment, Fireworks claims that the trial court in reaching judgment considered documents which were not properly designated. Specifically, Fireworks asserts that it designated a copy of the file-stamped summons in support of its argument; it did not designate the Prims' motion for leave to file a Fourth Amended Complaint or the Fourth Amended Complaint, which the trial court relied upon to deny Fireworks' motion for summary judgment.

On the other hand, the Prims maintain, without any meaningful citation to case law, that "a party [is allowed], at the trial court level, to reference and rely on the record in defending against a motion for summary judgment without designating those

documents into evidence or incorporating them into a responsive Motion." (Appellee's Br. p. 8).[1]

The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Graham v. Vasil Management Co., Inc*., 618 N.E.2d 1349, 1350 (Ind. Ct. App. 1993). With regard to the trial court's consideration of a summary judgment motion, our supreme court has held:

> Effective January 1991, we modified the summary judgment process through amendments to T.R. 56. No longer can parties rely without specificity on the entire assembled record—depositions, answers to interrogatories, and admissions—to fend off or support motions for summary judgment. It is not within the trial court's duties to search the record to construct a claim or defense for a party.
>
> To promote the expeditious resolution of lawsuits and conserve judicial resources, T.R. 56(C) now requires each party to a summary judgment motion to "*designate* to the court *all parts* of pleadings, depositions, answers to interrogatories admissions, *matters of judicial notice*, and any other matters on which it relies for purpose of the motions." . . . The trial court must enter summary judgment if the *designated evidentiary matter* shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Rosi v. Business Furniture Corp*., 615 N.E.2d 431, 434 (Ind. 1993).

Trial Rule 56(C) does not mandate either the form of the designation, *i.e*., the degree of specificity required, or its placement, *i.e*., the filing in which the designation is to be made. *Filip v. Block*, 879 N.E.2d 1076, 1081 (Ind. 2008). Trial Rule 56(C) does compel parties to identify the "part" of any document upon which they rely. *Id.*

---

[1] In support of this statement, the Prims make a passing reference to *Marathon Petroleum Co. v. Colonial Motel Properties*, 550 N.E.2d 778 (Ind. Ct. App. 1990). However, *Marathon* is inapplicable as its holding hinges on a prior version of Indiana Trial Rule 56.

Although a party can choose whether to designate evidence, the entire designation must be in a single place, whether as a separate document or appendix or as a part of a motion or other filing. *Filip*, 879 N.E.2d at 1081.

Fireworks' motion for summary judgment was accompanied by a memorandum in support and a separate designation of evidence. In its designation, Fireworks enumerated, among other items, the following evidence: the summons for the Fifth Amended Complaint, served on Fireworks on September 13, 2010; the civil case summary for this proceeding; and the pleadings in this matter. Additionally, Fireworks requested "the [c]ourt to take judicial notice of these documents and any other relevant documents in the [c]ourt's file regarding this case." (Appellant's App. p. 83). In its conclusion, Fireworks stated "Wherefore, Fireworks, . . . asks the [c]ourt to consider this evidence when ruling on [Fireworks'] Motion for Summary Judgment." (Appellant's App. p. 83).

Although Fireworks' specificity in identifying the designated evidence is less clear than we encourage, its designation nevertheless lists certain materials and apprised the trial court of the specific documents, including the matters of judicial notice in the trial court's record, that Fireworks relied upon. *See Jarvis Drilling, Inc. v. Midwest Oil Producing Co,* 626 N.E.2d 821, 824 (Ind. Ct. App. 1993) (the trial court may only consider those parts of . . . matters of judicial notice, . . . specifically designated by the movant to the trial court at the time the motion is filed). Therefore, the trial court was entitled to evaluate not only the summons dated September 13, 2010, served on Fireworks, but also all documents included in the trial court's own record. *See Rosendaul*

8

*v. State*, 864 N.E.2d 1110, 1116 (Ind. Ct. App. 2007), *trans. denied* (a trial court may take judicial notice of the pleadings and filings in the very case that is being tried).

### B. *Fifth Amended Complaint*

Fireworks contends that the Prims' claim was filed outside the two year statute of limitations. Specifically, it asserts that "[i]n order to commence their claim against [Fireworks], the Prims must not only have filed their Complaint naming [Fireworks], but also filed a summons directed to [Fireworks] and paid the filing fee[.]" (Appellant's Br. p. 13). Fireworks maintains that the only direct evidence of the filing date in the record shows that the Prims filed the summons of the Fifth Amended Complaint on September 13, 2010 and the Prims did not timely designate any opposing evidence to dispute the date of filing. Therefore, Fireworks concludes that the Prims failed to timely commence their action.

Indiana Trial Rule 3 (emphasis added) provides that:

A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and where service of process is required, by furnishing to the clerk as many copies of the complaint *and summons* as are necessary.

Indiana Trial Rule 4(A) states that a court "acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law." Part B of this rule notes, in relevant part, that "[c]ontemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and summons as are necessary. Part E

9

provides, in pertinent part, that "[t]he summons and complaint shall be served together unless otherwise ordered by the court." Our supreme court has previously held that a civil action is untimely "if the plaintiff files a complaint within the applicable statute of limitations but does not tender the summons to the clerk within that statutory period." *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173 (Ind. 2002), *rev'd in part on reh'g*, 768 N.E.2d 899 (Ind. 2002)[2]. In other words, contrary to Fireworks' argument, while the summons has to be filed with the clerk within the statutory period to institute a timely complaint, the rule does not require that actual service of process on the party occurs within that same period.

The parties agree that the Prims' claim is subject to a two-year statute of limitations. Because the cause of action occurred on August 17, 2008, the Prims had to file their pleading and summons designating Fireworks as a party within two years of that date.

The designated evidence reflects that on July 28, 2010, the Prims filed a motion for leave to file a Fourth Amended Complaint. This Fourth Amended Complaint specifically sought to add Fireworks as a party to the cause. The trial court failed to rule on the motion. Thereafter, on August 16, 2010, one day before the expiration of the statute of limitations, the Prims filed their motion for leave to file a Fifth Amended Complaint, which included Fireworks as a defendant in the caption. On August 30, 2010, the trial court granted the Prims' latest motion for leave and labeled the July 28, 2010

---

[2] On rehearing, the supreme court held that its holding only applied prospectively. *See Ray-Hayes*, 768 N.E.2d at 901.

10

motion moot. Nevertheless, after the Prims' filed their motion to amend on September 10, 2010, the trial court amended the filing date on the Fifth Amended Complaint to August 16, 2010, one day prior to the expiration of the statute of limitations. At the same time, by the granting of this motion to amend, the trial court also considered the Fourth Amended Complaint, which added Fireworks as a party, timely filed. The record does not contain any evidence that this Fourth Amended Complaint did not comply with the procedural requirements or lacked the summons to acquire jurisdiction over Fireworks.

Moreover, disregarding the Fourth Amended Complaint, we note that due to the trial court's August 30, 2010 grant of the Prims' motion to amend, the Fifth Amended Complaint was filed timely prior to the expiration of the statute of limitations. The record lacks any designated evidence establishing that the summons was not tendered to the clerk together with the Fifth Amended Complaint. As such, the summons will be deemed tendered to the clerk on the same date, *i.e.*, August 16, 2010. Although the summons received by Fireworks bears a file-stamp of September 13, 2010, we agree with the trial court that, in this situation, the file date cannot be considered conclusive evidence of the date the summons was tendered to the clerk as the trial court granted the Prims' motion to date its Fifth Amended Complaint back to August 16, 2010. Therefore, because there is no genuine issue of material fact that the Prims' cause was filed timely prior to the expiration of the statute of limitations, we affirm the trial court's denial of Fireworks' motion for summary judgment.[3]

---

[3] Because we affirm the trial court's ruling based on the timeliness of the Prims' Fourth Amended Complaint, we do not need to address Fireworks' claim with respect to Indiana Trial Rule 15.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied Fireworks' motion for summary judgment.

Affirmed.

BRADFORD, J. concurs

BROWN, J. dissents with separate opinion

## IN THE
## COURT OF APPEALS OF INDIANA

FIREWORKS WEST INTERNATIONAL, et al.,   )
                                      )
    Appellants-Defendants,              )
                                      )
           vs.                    )      No. 49A04-1211-CT-582
                                        )
DAVID PRIM, et al.,                 )
                                      )
    Appellee-Plaintiffs.               )

**BROWN, Judge, dissenting**

I respectfully dissent from the majority's conclusion that the trial court did not err in denying Fireworks's motion for summary judgment.

The majority finds that, due to the trial court's August 30, 2010 grant of the Prims' motion to amend, the Fifth Amended Complaint was filed timely prior to the expiration of the statute of limitations. Majority Draft, slip op. at 11. The majority also finds that the summons received by Fireworks bearing a file-stamp date of September 13, 2010, cannot be considered conclusive evidence of the date the summons was tendered to the clerk as the trial court granted the Prims' motion to date the Fifth Amended Complaint back to August 16, 2010. Id.

13

In my view the trial court erred when it ordered that the Fifth Amended Complaint reflect a filing date of August 16, 2010. Specifically, the court's decision to grant the Prims' motion to amend the court's August 30, 2010 order, thereby changing the date the Fifth Amended Complaint was deemed filed, did not constitute a proper nunc pro tunc order. "A nunc pro tunc entry is defined in law as 'an entry made now of something which was actually previously done, to have effect as of the former date.'" Cotton v. State, 658 N.E.2d 898, 900 (Ind. 1995) (quoting Perkins v. Haywood, 132 Ind. 95, 101, 31 N.E. 670, 672 (1892)). Such an entry may be used to either record an act or event not recorded in the court's order book but which actually occurred, or to change or supplement an entry already recorded in the order book. Id. Its purpose is to supply an omission in the record of action really had, but omitted through inadvertence or mistake. Id.

In this case, the Prims' August 16, 2010 motion for leave to file the Fifth Amended Complaint was not granted on that date, the Fifth Amended Complaint was not filed on that date, and thus the filing of the Fifth Amended Complaint was not "actually previously done" or an "event not recorded" on August 16, 2010, and the court's order to reflect an August 16, 2010 filing date for the Fifth Amended Complaint was not "to supply an omission in the record of action really had." See id. Therefore, the order to reflect an August 16, 2010 filing date for the Fifth Amended Complaint did not constitute a proper nunc pro tunc order. Accordingly, the Fifth Amended Complaint was filed at the earliest on August 30, 2010, the date the court granted the Prims' motion for leave to file the amended complaint. While the court noted that it was unaware that the applicable

14

statute of limitations would expire between August 16, 2010 and August 30, 2010, it was incumbent upon the Prims as the party seeking to amend their complaint to include an additional defendant to ensure that the action was properly filed prior to the expiration of the applicable statute of limitations. See Rieth-Riley Const. Co., Inc. v. Gibson, 923 N.E.2d 472, 478 (Ind. Ct. App. 2010) (noting that "the onus of bringing suit against the proper party within the statute of limitation is upon the claimant").

Moreover, the designated evidence included the summons for the Fifth Amended Complaint which bore a file-stamp date of September 13, 2010, after the expiration of the statute of limitations. Slip op. at 8, 11. Indiana Trial Rule 4.15(C) provides in part that "[t]he clerk *shall* enter a filing date upon every . . . summons . . . *filed with or entered of record by him*" and "*shall* also enter an *issuance* date upon any summons issued, mailed or delivered by him," and that "[s]uch filing or issuance date *shall constitute evidence of the date of filing or issuance* without further authentication when entered in the court records, or when the paper or a copy thereof is otherwise properly offered or admitted into evidence." (Emphases added). The designated evidence shows that the summons was file-stamped on September 13, 2010, mailed by the clerk on September 15, 2010, and served on Fireworks on September 27, 2010, and the Prims do not point to timely designated evidence which indicates that the summons was furnished to or filed with the clerk prior to September 13, 2010.

The majority finds, and I agree, that the court was entitled to evaluate the summons file-stamped September 13, 2010, and served upon Fireworks as well as all of the documents included in the trial court's own record. According to the Prims' brief on

15

appeal, they mailed a letter to the clerk of the Marion County Superior Court on July 28, 2010, and the letter specified that the Prims' motion to add Fireworks as a defendant included, among other documents, the required summons. However, the Prims do not argue or show that the letter was a part of the trial court's record or otherwise part of the designated evidence,[4] making the only evidence in the record of the date of the filing of the summons its file-stamped date of September 13, 2010. Per Trial Rule 4.15(C), "[s]uch filing or issuance date *shall* constitute evidence of the date of filing" of the summons.

As to the Fourth Amended Complaint which the court considered timely filed after the Prims filed the motion to amend on September 10, 2010, the majority finds that "[t]he record does not contain any evidence that this Fourth Amended Complaint did not comply with the procedural requirements or lacked the summons to acquire jurisdiction over Fireworks." Majority, slip op. at 11. However, I believe the proper inquiry is whether the record contains any evidence that the Fourth Amended Complaint *did* comply with the procedural requirements and included a summons, in light of Ind. Trial Rule 4.15(C), Ind. Trial Rule 56(C), and the designated evidence including the summons file-stamped on September 13, 2010. Under Trial Rule 56(C), the moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Klinker v. First Merchs. Bank, N.A., 964 N.E.2d 190, 193 (Ind. 2012). If it is successful, the burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of

---

[4] Indeed the trial court's order does not reference the letter.

16

material fact.  Id.  The Prims, as the non-moving party, failed to designate any evidence at all.

Finally, to the extent the trial court notes in its September 14, 2012 order denying Fireworks's motion for summary judgment that Ind. Trial Rule 15(C) provides for relation back of an amended complaint and that notice is the key to relation back, Trial Rule 15(C) provides in part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.  An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> > (1)    has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
> >
> > (2)    knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Prims filed their original complaint on April 7, 2009, and the date 120 days after the commencement of the action is August 5, 2009.  The Prims do not point to designated evidence before the court, and indeed there is none, showing that Fireworks had notice of the institution of the action prior to the expiration or running of the statute of limitations, or prior to the date it was served with the summons, or prior to August 5, 2009, the date 120 days after the commencement of the action under Trial Rule 15(C).    As the party seeking relation back, the burden was on the Prims to prove that the conditions of Trial Rule 15(C) were met.  Rieth-Riley Const., 923 N.E.2d at 478 (noting that "the onus of

17

bringing suit against the proper party within the statute of limitation is upon the claimant" and that "the party seeking relation back bears the burden of proving that the conditions of Trial Rule 15(C) are met").

For the foregoing reasons and based upon the designated evidence, I conclude that the trial court erred in denying Fireworks's motion for summary judgment.