Tony A. HOLMES, Appellant/Plaintiff,

v.

**CELADON TRUCKING SERVICES OF INDIANA, INC. and Celadon Trucking Services, Inc., Appellees/Defendants.**

No. 49A02–1007–PL–714.

Court of Appeals of Indiana.

Nov. 15, 2010.

David M. Lutz, David M. Lutz LLC, Fort Wayne, IN, Attorney for Appellant.

Michael D. Moon, Paul L. Jefferson, Kara Cleary, Barnes & Thornburg LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BRADFORD, Judge.

Appellant/Plaintiff Tony Holmes appeals the trial court's order granting Appellees/Defendants Celadon Trucking Services of Indiana, Inc. and Celadon Trucking Services, Inc.'s (collectively "Celadon") Motion for Judgment on the Pleadings. Specifically, Holmes contends that the trial court erred in determining that he failed to commence the instant action during the statutorily allotted time. Concluding that Holmes commenced the instant suit against Celadon within the statutorily allotted time, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Holmes sustained an injury on April 25, 2007, while he was employed with Celadon. His employment with Celadon was terminated on May 9, 2007.

At some point on or before April 24, 2009, Holmes, by counsel, prepared a Complaint alleging wrongful termination and conversion. On April 24, 2009, Holmes, by counsel, mailed the following documents to the Marion County Clerk via certified mail, receipt number 7005 2570 0000 2779 8333: (1) an original and four copies of Holmes's Complaint against Celadon; (2) a check in the amount of $146.00 made out to the Clerk of the Marion County Courts, the appropriate filing fee; and (3) an original and four copies of the summonses to be served on Celadon. These documents were shown to be delivered to and received by the Clerk of the Marion County Courts on April 28, 2009.

After realizing that he had failed to include an appearance with the documents that he mailed via certified mail to the Marion County Clerk on April 24, 2009, Holmes's attorney mailed an appearance to the Marion County Clerk pursuant to Trial Rule 3.1 on May 8, 2009. Upon receiving Holmes's appearance, the Marion County Clerk recorded that Holmes's complaint and his counsel's appearance were filed on May 12, 2009.

On February 1, 2010, Celadon moved for judgment on the pleadings, claiming that Holmes's claims were time-barred by the applicable statute of limitation. Holmes responded to Celadon's motion on March 3, 2010, alleging that he timely commenced the action on April 24, 2009, when the necessary documents were mailed via certified mail. Celadon replied on March 26, 2010, again asserting that Holmes's claims were barred by the applicable statute of limitation. On June 3, 2010, the trial court granted Celadon's motion for judgment on the pleadings and dismissed the case with prejudice. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Holmes contends that the trial court erred in granting Celadon's motion for judgment on the pleadings because he filed his claims against Celadon within the statutorily allotted time.

A judgment on the pleadings pursuant to Indiana Trial Rule 12(C) is proper only when there are no genuine issues of material fact and the facts shown by the pleadings clearly entitled the movant to judgment. If, on a motion for judgment

on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Trial Rule 56.

*Wagle v. Henry,* 679 N.E.2d 1002, 1004 (Ind.Ct.App.1997). "Matters outside the pleadings" are those materials that would be admissible for summary judgment purposes, such as depositions, answers to interrogatories, admissions, and affidavits. *Fox Dev., Inc. v. England,* 837 N.E.2d 161, 164 (Ind.Ct.App.2005). Here, both Holmes and Celadon designated evidence outside the pleadings, *i.e.,* affidavits, for judicial consideration, and nothing in the record suggests that the trial court excluded these documents. Therefore, we shall treat Celadon's motion for judgment on the pleadings as a motion for summary judgment. *See Wagle,* 679 N.E.2d at 1004.

When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a

genuine issue does in fact exist. The party appealing the summary judgment bears the burden of persuading us that the trial court erred.

*Schmitter v. Fawley,* 929 N.E.2d 859, 861 (Ind.Ct.App.2010) (citations omitted). Moreover, if the moving party asserts that the claim is time barred by the applicable statute of limitations, the non-movant has the burden of establishing an issue of fact material to a theory that overcomes the affirmative defense. *KPMG, Peat Marwick, LLP v. Carmel Fin. Corp.,* 784 N.E.2d 1057, 1060 (Ind.Ct.App.2003).

### Whether Holmes's Claim was Filed Within the Applicable Statute of Limitations

 It is undisputed that the applicable statute of limitations for both of Holmes's claims against Celadon is two years, and that this statutory period expired no later than May 11, 2009.[1] *See* Indiana Code §§ 34–11–2–1, –4 (2006). Indiana Trial Rule 3, which sets forth the requirements for commencing a civil action in an Indiana trial court, provides as follows:

A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

Indiana Trial Rule 5(F) provides that "filing" is complete upon mailing when an individual files the required documents

---

1. Although it is undisputed that Holmes's claims accrued on May 9, 2007, it is also undisputed that the statutorily allotted time period for Holmes to bring a claim against Celadon expired on May 11, 2009, because May 9, 2009, fell on a Saturday. *See* Trial Rule 6(A) (providing that if the last day of the period is a Saturday, Sunday, a legal holiday, or a day the office in which the act is to be done is closed during regular business hours, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or a day on which the office is closed).

with the trial court via registered or certified mail.

Holmes contends on appeal that the trial court erred in granting Celadon's motion, which alleged that the instant suit should be dismissed because it was not commenced within the applicable statute of limitations. Specifically, Holmes argues that the designated affidavit and attached exhibits demonstrate that he, by counsel, filed the documents required for commencement prior to the May 11, 2009 expiration of the statutorily allotted time period. The designated affidavit and the attached exhibits demonstrate that Holmes, by counsel, mailed the documents required to commence an action to the Clerk of the Marion County Courts via certified mail, receipt number 7005 2570 0000 2779 8333 on April 24, 2009. The designated affidavit and attached exhibits also demonstrate that these documents were delivered to and received by the Clerk of the Marion County Courts on April 28, 2009.

Notably, Celadon does not argue that Holmes did not mail the documents required to commence an action, *i.e.*, the original and necessary copies of the complaint; the prescribed filing fee; and the original and necessary copies of the summonses, by certified mail on April 24, 2009.[2] Rather, Celadon argues that this court should instead rely on the Chronological Case Summary prepared by the Marion County Clerk's office, which indicates that the documents were received and filed by the Clerk's Office on May 12, 2009, and, in turn, conclude that the required documents were not timely filed.

Celadon also argues that even if the documents listed as being required for commencement of an action in Indiana Trial Rule 3 were filed upon Holmes's act of mailing them via certified mail on April 24, 2009, the action was nevertheless commenced after the statutorily allotted time period expired because the action did not actually commence until May 12, 2009, when the trial court received Holmes's counsel's appearance. In support, Celadon relies on Indiana Trial Rule 3.1 and Marion County Local Rule 49–TR5–205(E) which require that an initiating party file an appearance at the time an action is commenced. Celadon, however, has failed to point to any authority which provides that an action is not commenced for the purposes of the statute of limitations until both Trial Rules 3 and 3.1 are satisfied, and we find none. While there may be some consequence for failing to timely file an appearance, nothing in the rules suggests that the delayed filing of an appearance has any impact on the commencement of the action for statute of limitations purposes.

Because Trial Rule 3 explicitly states that an action commences when the initiating party files the original and necessary copies of the complaint, the prescribed filing fee, and the original and necessary copies of the summons, and the evidence before the trial court indicates that Holmes filed these required documents via certified mail on April 24, 2009, we conclude that Holmes commenced the instant action during the statutorily allotted time. Therefore, we further conclude that the

---

**2.** To the extent that Celadon argues that the Marion County Clerk's file does not indicate that the Clerk received any documents regarding the instant matter via certified mail, the Clerk's record was not included on appeal and Celadon has failed to present any evidence which conflicts with the documents

provided by Holmes which demonstrate not only that he mailed the documents in question via certified mail on April 24, 2009, but also that these documents were delivered to and received by the Marion County Clerk on April 28, 2009.

trial court erroneously granted Celadon's motion for judgment on the pleadings on the grounds that the action was not filed within the statutorily allotted time frame. Accordingly, we remand this action for the entry of partial summary judgment in favor of Holmes on the question of whether the instant action was timely filed.

The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

DARDEN, J., and BROWN, J., concur.