# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**LARRY R. CHURCH**
McNeely Stephenson Thopy & Harrold
New Albany, Indiana

ATTORNEY FOR APPELLEE:

**EARL C. MULLINS, JR.**
Masters, Mullins & Arrington
Sellersburg, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATASHA F. HORTENBERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  10A04-1301-CT-17 |
| | ) | |
| THOMAS PALMER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-1208-CT-136

**August 15, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Thomas Palmer attempted to initiate a negligence action against Natasha F. Hortenberry, but the check he sent to the clerk along with the complaint was $2 less than the applicable filing fee. By the time that Palmer realized the mistake and rectified it, the statute of limitations had run. Palmer filed a motion with the trial court requesting that the complaint be treated as if it had been timely filed, and the court granted the motion. On the same day that the motion was granted, an attorney entered an appearance for Hortenberry, and when he realized that Palmer's motion had been granted, he filed a motion to set aside the order. The trial court denied that motion, and Hortenberry now appeals. Because Indiana Trial Rule 3 and Indiana Supreme Court precedent clearly indicate that paying the filing fee is required for the commencement of an action, we conclude that the trial court erred by denying Hortenberry's motion. Therefore, we reverse and remand.

**Facts and Procedural History**

On August 23, 2010, Palmer and Hortenberry were in an automobile accident in Clark County. On August 10, 2012, counsel for Palmer mailed to the clerk of the Clark Circuit Court a complaint, appearance, summons, and check. Although the cover sheet indicated that the check was for $139, the applicable filing fee, the check was actually for $137. On August 22, 2012, the clerk's office called Palmer's counsel to inform him that an additional $2 was needed. Palmer's counsel mailed a check for $2 the following day.

The complaint was stamped filed on August 27, 2012. Because the two-year statute of limitations had run by then, Palmer filed on August 30 a "Motion to Treat the Complaint

Herein as Filed Prior to August 22, 2012." Appellant's App. at 18. Because no attorney had yet filed an appearance for Hortenberry, Palmer served the motion on Hortenberry. On September 10, 2012, the trial court granted Palmer's motion, but the order was not promptly noted on the chronological case summary.[1] The same day, an attorney filed an appearance for Hortenberry. Not realizing that Palmer's motion had already been granted, Hortenberry's counsel filed a response to the motion on September 14, 2012. After learning that the motion had been granted, Hortenberry's counsel filed a "Motion to Set Aside the Court's Order to Treat the Complaint as Filed Prior to August 22, 2012 and to Set Hearing" and a memorandum in support. *Id.* at 41. The memorandum argued that, pursuant to Trial Rule 3 and supreme court precedent, payment of the filing fee is a prerequisite to the commencement of an action. On October 24, 2012, Palmer filed a response, and on October 31, 2012, Hortenberry filed a reply.

The trial court heard arguments on the motion on November 9, 2012. The same day, the trial court issued an order denying Hortenberry's motion. Relying on Trial Rule 1's provision that the Indiana Trial Rules "shall be construed to secure the just, speedy and inexpensive determination of every action," the court concluded that "an inadvertent clerical error (a $2.00 shortfall of the fee that was only recently increased) should not deprive Plaintiff of a right to litigate his claim in court."[2] *Id.* at 69. Hortenberry filed a motion to

---

[1] The parties disagree as to whether this order constituted an ex parte order; however, because Hortenberry does not argue that this is a reason for setting aside the order, we will not address these contentions.

[2] The parties had stipulated that the filing fee for a civil action increased by $2 on July 1, 2012.

certify the order for interlocutory appeal, which the trial court granted. On February 22, 2013, we accepted jurisdiction.

### Discussion and Decision

Hortenberry argues that the trial court erred by denying her motion to set aside the order treating Palmer's complaint as though it had been filed prior to August 22, 2012. Although they disagree on the reason, the parties agree that our standard of review is de novo.[3]

Trial Rule 3 provides:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, *by payment of the prescribed filing fee or filing an order waiving the filing fee*, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

(Emphasis added.)

The italicized language was added after our supreme court decided *Boostrom v. Bach*, 622 N.E.2d 175 (Ind. 1993), *cert. denied* (1994). Boostrom attempted to commence a small claims action against Bach on January 12, 1990, the same day that the statute of limitations was to run. Boostrom sent her complaint to the clerk via certified mail, but did not enclose payment for the filing fee. The clerk sent Boostrom a letter informing her that she needed to pay the fee. She complied on February 5, and her complaint was file-marked as of that date.

---

[3] Hortenberry asserts that our standard of review is de novo because the case turns on the interpretation of the Trial Rules. *See Gulf Stream Coach, Inc. v. Cronin*, 903 N.E.2d 109, 111 (Ind. Ct. App. 2009) (interpretation of a Trial Rule is a question of law reviewed de novo). Palmer argues that Hortenberry's motion was in effect a motion to dismiss for lack of subject matter jurisdiction due to the running of the statute of limitations. When the facts are not in dispute, a ruling on a motion to dismiss for lack of subject matter jurisdiction is reviewed de novo. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001).

4

Bach moved for summary judgment and argued that the action was time-barred. Boostrom

filed a "Motion to Correct Minutes," whereby she sought to have her complaint marked as

having been filed on January 12. The court denied Boostrom's motion and granted summary

judgment for Bach.

Boostrom appealed, and the Court of Appeals reversed on the ground that Boostrom

had complied with Trial Rule 5(E) regarding filing. Our supreme court granted transfer and

concluded that Trial Rule 5(E) "only defines *how* a required filing may be made" and that an

action was not commenced in the meaning of Trial Rule 3 until the filing fee was paid. *Id*. at

176-77. The supreme court rejected Boostrom's reliance on *Brady v. Eastern Indiana*

*Production Credit Association*, 396 N.E.2d 335 (Ind. 1978), in which the court had ruled that

failure to tender the filing fee did not deprive the Court of Appeals of jurisdiction to hear an

appeal when the record had been timely filed:

> This holding was grounded on the belief that appeals ought be disposed of on
> the merits whenever possible, *Brady*, 396 N.E.2d at 335, and that there are
> numerous methods by which to enforce effectively the payment of filing fees
> other than by couching such enforcement in jurisdictional terms. *Id*.; *Brady v.*
> *Eastern Ind. Prod. Credit Ass'n* (1977), Ind. App., 360 N.E.2d 1267, 1269
> (Sullivan, J., dissenting). Hinging commencement of an action under T.R. 3 to
> the payment of filing fees is one such method. Moreover, this Court's desire
> to dispose of appeals on the merits whenever possible does not displace the
> legislative policy which undergirds the statute of limitations.

> The *Brady* court rightly concluded that prepayment of the appellate
> filing fee was neither required by the statute then controlling nor central to
> accomplishing the objectives of the rules which govern submission of appeals.
> Those rules exist to facilitate the orderly presentation and disposition of
> appeals and prevent the confusing and awkward situation of having the trial
> and appellate courts simultaneously review the correctness of a judgment.
> *Coulson v. Indiana & Michigan Elec. Co.* (1984), Ind., 471 N.E.2d 278. The
> filing of a praecipe and subsequent presentation of the record fully safeguard

these interests.  On the other hand, the statute of limitations exists not only to spare courts from stale claims, *Matter of M.D.H.* (1982), Ind. App., 437 N.E.2d 119, but also "to insure that parties are given formal and seasonable notice that a claim is being asserted against them."  *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 359, 332 N.E.2d 99, 103.

Tendering the prescribed court costs fee is relevant as to this latter objective.  *Cf.* Ind. Code Ann. § 33-19-3-5 (West Supp. 1992) (costs fee include cost of initiating service of process) [recodified as Ind. Code § 33-37-3-6].

*Boostrom*, 622 N.E.2d at 176 (footnote omitted).  The court further noted that payment of the filing fee "is wholly in the hands of the plaintiff."  *Id*. at 177.

Trial Rule 3 was later amended to reflect the holding of *Boostrom*.  *Boostrom* is the current state of the law and has been followed on a number of occasions.  *See*, *e.g.*, *Ft. Wayne Int'l Airport v. Wilburn*, 723 N.E.2d 967, 968-69 (Ind. Ct. App. 2000) (action was not commenced until plaintiff tendered summons, as required by Trial Rule 3), *trans. denied*; *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 174-75 (Ind. 2002) (confirming that *Boostrom* applies to cases on the plenary docket);[4] *Webster v. Walgreen Co.*, 966 N.E.2d 689, 692-93

---

[4] The supreme court granted rehearing in *Ray-Hayes* and made the ruling prospective only.  *Ray-Hayes v. Heinamann*, 768 N.E.2d 899, 901 (Ind. 2002).  Trial Rule 3 was amended on December 21, 2001 (effective April 1, 2002), while transfer was pending in *Ray-Hayes*.

(Ind. Ct. App. 2012) (relying on *Boostrom*'s reasoning that payment of the fee is wholly within the plaintiff's hands, court concluded that complaint was not mailed within meaning of Trial Rule 5 unless adequate postage was affixed), *trans. denied*.

Palmer argues that the foregoing cases are distinguishable because they involve a complete failure to comply with one of the requirements of Trial Rule 3, whereas he "substantially complied" by tendering a payment that, through inadvertent error, was $2 short. He urges us to instead follow the reasoning of *Holmes v. Celadon Trucking Services of Indiana, Inc.*, 936 N.E.2d 1254 (Ind. Ct. App. 2010), *trans. not sought*. In *Holmes*, we held that an action was timely commenced even though plaintiff's counsel failed to file an appearance as required by Trial Rule 3.1. 936 N.E.2d at 1257-58. Despite Palmer's protestation that he substantially complied with Trial Rule 3, *Boostrom* and its progeny, which dealt with interpretation of Trial Rule 3, are more directly on point than *Holmes*, which dealt with interpretation of Trial Rule 3.1.

In their briefs, the parties also discussed *Miller v. Dobbs*, which was pending before our supreme court at the time of briefing. In *Miller*, a majority of the Court of Appeals panel held that a medical malpractice action was timely commenced when it was mailed to the Department of Insurance within the statute of limitations even though the plaintiff had failed to enclose the required processing and filing fees. *Miller v. Dobbs*, 976 N.E.2d 91, 98-99 (Ind. Ct. App. 2012), *trans. granted* (2013). Our supreme court recently issued an opinion in the case in which it also ruled in the plaintiff's favor. *Miller v. Dobbs*, 15S05-1302-CT-91, 2013 WL 3895070 at *2 (Ind. July 30, 2013). The court based its decision on Indiana Code

7

Section 34-18-7-3(b), which states that a proposed malpractice complaint "is considered filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the commissioner." *Miller*, 2013 WL 3895070 at \*2. The filing and processing fees, on the other hand, are set forth in a separate section of the Indiana Code. *Id.*

*Miller* does not overrule *Boostrom*; in fact, *Miller* favorably quoted portions of the *Boostrom* opinion. *Id. Miller* turned on a "straightforward statutory ground," and did not involve interpretation of Trial Rule 3. *Id.* at \*3. The statute at issue in *Miller*, unlike Trial Rule 3, does not specify that payment of the applicable fees is required for the commencement of the action. *Id.* at \*2. The language of Trial Rule 3, which was promulgated by our supreme court, *see* Trial Rule 80 (governing amendment of the Trial Rules), remains unchanged.

While we recognize that following *Boostrom* produces a harsh result in this case, *Boostrom* thoroughly considered the competing policy arguments. *Boostrom* acknowledged our preference to decide cases on their merits, yet concluded that that preference "does not displace the legislative policy which undergirds the statute of limitations," that is, to spare courts from stale claims and insure that parties are given seasonable notice that a claim is being asserted against them. 622 N.E.2d at 176. As in *Boostrom*, payment of the applicable fee was wholly within the plaintiff's hands. Although Palmer asserts that substantial compliance can be judged on a case-by-case basis, he does not suggest any sort of workable standard for clerks or courts to determine what constitutes substantial compliance. We think that our supreme court intended to create a bright-line rule for determining when an action

has been commenced and has left us with no discretion in the matter. Therefore, we conclude that the trial court erred by relying on Trial Rule 1 to allow the case to proceed rather than applying the clear language of Trial Rule 3, and we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BARNES, J., and PYLE, J., concur.