## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 29 2015, 8:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Christopher C. Myers
Christopher C. Myers & Associates
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mitchell Sigman,

*Appellant-Defendant,*

v.

State of Indiana and Sharon Hawk,

*Appellee-Plaintiff*

May 29, 2015

Court of Appeals Case No.
46A05-1411-CT-516

Appeal from the LaPorte Circuit Court

Honorable Thomas J. Alevizos, Judge

Cause No. 46C01-1406-CT-1185

**Friedlander, Judge.**

[1] Mitchell Sigman appeals from the trial court's dismissal of his complaint against the State of Indiana and Sharon Hawk (collectively, the Defendants) for failure to state a claim because he did not "commence" his action before the

expiration of the relevant statute of limitations. Sigman presents one issue for our review: did the trial court err in dismissing his complaint?

[2] We affirm.

[3] We have gleaned the underlying facts from Sigman's complaint. Sigman is incarcerated in the Indiana Department Correction (DOC), serving his time at the Westville Correctional Facility (the Facility). On or about June 29, 2012, several personal items were stolen from Sigman by fellow inmates. Sigman asserts that he then informed Hawk, a correctional officer, that "he faced the threat of attack by members of a particular prison gang" and that "his life was in danger" if he was to be housed with the general prison population. *Appellant's Appendix*, *Complaint* at 2.[1] Sigman was signed into protective custody within the Facility that same day.

[4] Sigman maintains that on or about July 4, 2012, Hawk and other unnamed prison guards decided to remove him from protective custody and place him back with the general prison population despite "knowing about the impending danger he faced". *Id*. On July 12, 2012, after he was released from protective custody, Sigman alleges that he was attacked by fellow prisoners wielding baseball bats and as a result thereof suffered serious injuries to his face, ribs, teeth, and other areas of his body. Sigman asserts that the Defendants failed to

---

[1] The pages in the *Appellant's Appendix* are not sequentially numbered and individual documents are separated by a plain white piece of paper. This does not conform to Ind. Appellate Rule 51(C), which states that "[a]ll pages of the Appendix shall be numbered at the bottom consecutively . . . ."

protect him from the attack in violation of his Eighth Amendment right to be free from cruel and unusual punishment.[2]

[5] On June 19, 2014, Sigman, by counsel, tendered a complaint with an accompanying "Declaration of Indigency Pursuant to I.C. § 33-37-3-2" requesting waiver of the filing fee. *Appellant's Appendix*. On June 24, 2014, the trial court denied Sigman's request for waiver of the filing fee and Sigman's counsel was so notified. The court returned the complaint and supporting documents to Sigman's counsel as unfiled.

[6] On July 28, 2014, Sigman's counsel resubmitted the complaint and included therewith the full $150.00 filing fee to the clerk of the court.[3] On August 4, 2014, Sigman's complaint, supporting documents, and filing fee were returned to his attorney with, according to Sigman, a notation that the caption of the case was incorrect because "John/Jane Does" were listed as defendants. Sigman's counsel removed the reference to "John/Jane Does" in the caption of the complaint and resubmitted the complaint, supporting documents, and the filing fee later that same day. The chronological case summary shows that Sigman's complaint was filed on August 6, 2014, and that service was issued that same day.

---

[2] *See* 42 U.S.C. § 1983.

[3] Funds for the filing fee were obtained from one of Sigman's relatives.

[7] On September 5, 2014, the Defendants filed a motion to dismiss on grounds that Sigman failed to commence his action prior to the expiration of the statute of limitations relevant to his claims. Sigman responded to the motion to dismiss, arguing that the court should have considered the original filing date of June 19, 2014, to be the official date upon which his complaint was filed. Using that date, Sigman asserted that his action was commenced prior to the expiration of the statute of limitations.

[8] On October 6, 2014, the trial court issued an order granting the Defendants' motion to dismiss. The trial court determined that because Sigman did not tender the appropriate filing fee or order waiving payment of the filing fee until either July 28 or August 6, 2014, he failed to commence his action prior to the expiration of the statute of limitations, and thus he failed to state a claim upon which relief could be granted. Sigman now appeals.

[9] Review of the trial court's order granting the Defendants' motion to dismiss is de novo. *Hortenberry v. Palmer*, 992 N.E.2d 921 (Ind. Ct. App. 2013), *trans. denied*. In Indiana, claims for personal injury must be commenced within two years after the cause of action accrued. *See* Ind. Code Ann. § 34-11-2-4 (West, Westlaw current with P.L. 1-2015 to P.L. 60-2015 of the First Regular Session of the 119th General Assembly with effective dates through April 23, 2015). Claims under 42 U.S.C. § 1983, such as the one Sigman presents in his complaint, are considered personal injury claims and are subject to Indiana's statute of limitation for personal injury. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Brademas v. Ind. Housing Fin. Auth.*, 354 F.3d 681 (7th Cir. 2004).

Sigman's cause of action accrued on July 12, 2012, and therefore, the statute of limitations for his claims expired on July 12, 2014.

[10] The Indiana Trial Rules set forth the requirements for commencing an action. Specifically, Ind. Trial Rule 3 provides:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

With regard to the filing fee, an individual may seek to file an action without paying the required fees or other court costs by filing a statement in accordance with I.C. § 33-37-3-2 (West, Westlaw current with P.L. 1-2015 to P.L. 60-2015 of the 2015 First Regular Session of the 119th General Assembly with effective dates through April 23, 2015) requesting waiver thereof. The statement under section 2 must be in writing, made under oath, and declare (1) that the person is unable to make the payments or to give security for the payments because of the person's indigency, and (2) that the person believes they are entitled to redress sought in the action, and (3) setting forth briefly the nature of the action.

[11] When an offender confined in the DOC seeks to commence an action, he is required to comply with the requirements set out in I.C. § 33-37-3-3 (West, Westlaw current with P.L. 1-2015 to 60-2015 of the 2015 First Regular Session of the 119th General Assembly with effective dates through April 23, 2015). I.C. § 33-37-3-3(a) requires that an offender submit to the court a statement that meets the requirements of section 2 as well as a certified copy of the offender's

trust fund account statement for the six months immediately preceding submission of the complaint. The offender must also pay a partial filing fee that is twenty percent of the average monthly deposits to the offender's account or twenty percent of the average monthly balance in the offender's account, whichever is greater. *See* I.C. § 33-37-3-3(b). If an offender is unable to pay the required partial filing fee, the offender may submit, in addition to the statement required under section 2, "an affidavit of special circumstances setting forth the reasons and circumstances that justify relief from the partial filing fee requirement." I.C. § 33-37-3-3(c).

[12] Here, Sigman filed a statement in accordance with section 2 and attached thereto certified copies of his trust fund account statement. Sigman, however, did not tender the prescribed partial filing fee as required under section 3 or submit an affidavit of special circumstances seeking waiver of the partial filing fee. The trial court therefore denied Sigman's request for waiver of the prescribed filing fee. The trial court notified Sigman of such denial nearly three weeks prior to the expiration of the applicable statute of limitations. Sigman took no further action until July 28, after the statute of limitations had expired, when he attempted to resubmit his complaint with the full filing fee.

[13] In *Hortenberry*, this court made clear that payment of the prescribed filing fee or an order of the court waiving payment of the filing fee is required to commence an action under T.R.3. In that case, twelve days before the statute of limitations was set to expire on the complainant's underlying claims, counsel for the complainant sought to commence a civil action by filing a complaint,

appearance, and summons, along with a check to cover the filing fee. Through inadvertent error, however, the check to cover the filing fee was $2 less than the applicable filing fee. The day the statute of limitations was set to expire on the complainant's claims, counsel for the complainant was notified of the deficiency in the filing fee. Counsel mailed a check for $2 the following day, which was after the statute of limitations had run. The trial court granted the complainant's request to treat the complaint as timely filed. The defendant in the action filed a motion asking the court to set aside its order finding the complaint to be timely filed, which the court denied.

[14] In addressing the issue on appeal, this court considered the language of T.R. 3, Supreme Court precedent, and policy arguments underlying the trial rules as well as statutes of limitation, and concluded that payment of the filing fee in its entirety or an order waiving the filing fee is necessary to commencement of an action. *Hortenberry v. Palmer*, 992 N.E.2d 921. The court further held that T.R. 3 set forth a bright-line rule and therefore, strict compliance with the explicit requirements of T.R. 3 was required such that courts have no discretion. *Id.* Acknowledging that the result was harsh, the court rejected the complainant's substantial compliance argument and held that the trial court was obligated to apply the clear language of T.R. 3. Thus, because the complainant did not tender the full amount of the filing fee prior to the expiration of the statute of limitations, the action was not commenced within the applicable time frame and should have been dismissed.

[15] *Hortenberry* makes clear that a party must strictly comply with the requirements of T.R. 3 before an action may be commenced. Here, Sigman did not tender the filing fee or partial filing fee prior to the expiration of the statute of limitations. With regard to securing indigency status, Sigman, an offender confined in the DOC, failed to file the statutorily required document, i.e., an affidavit under I.C. § 33-37-3-3(c), requesting waiver of all fees, and thus, he never secured indigency status from the court and an order waiving payment of the prescribed filing fee. Sigman, therefore, failed to commence his action within the meaning of T.R. 3 prior to the expiration of the statute of limitations. The trial court did not err in dismissing Sigman's complaint for failure to state a claim upon which relief could be granted.

[16] Sigman's argument that he filed the required indigency statement under I.C. § 33-37-3-2 and that the trial court engaged in a "form over substance" analysis by not considering this as sufficient to satisfy the affidavit requirement of I.C. § 33-37-3-3(c) is simply a request that we credit his efforts by finding that he substantially complied with the statutory scheme. As the *Hortenberry* court noted, reviewing courts are afforded no discretion in applying the requirements of T.R. 3. The record is clear. Sigman did not secure indigency status as he did not comply with the statutory requirements for an offender seeking indigency status, nor did he pay the prescribed filing fee before the statute of limitations expired on his underlying claims.

[17] We further note, as was also the case in *Hortenberry*, that the ability to commence the action before the statute of limitations expired was wholly

within Sigman's control. To be sure, Sigman's counsel was informed eighteen days prior to the expiration of the statute of limitations that the court had rejected his request to proceed as an indigent litigant and yet, he made no attempt until after the expiration of the statute of limitations to properly commence his action. Sigman's attempt to place blame on the trial court for this failure is also without merit. Sigman can cite no authority to support his argument that the trial court was somehow obligated to provide him with a notice of defect informing him that he had not properly complied with the requirements of I.C. § 33-37-3-3, the statute specifically referencing offenders, and provide him with time in which to cure the defect. Sigman also does not explain why two weeks was insufficient time in which to comply with the requirements of T.R. 3 and properly commence his action.

[18] Finally, we also reject Sigman's argument that the trial court ignored the spirit and meaning of I.C. § 33-37-3-3(d), which provides that if the court denies an offender's application to waive all fees, "the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid not later than forty-five (45) days after the date of the order, or within an additional period that the court may, upon request, allow." Because Sigman failed to file the necessary affidavit under I.C. § 33-37-3-3(c), the trial court made no determination on the merits of his request under that section. As we have already noted, Sigman did not properly seek indigency status by following the requirements set out in I.C. § 33-37-3-3 and thus did not trigger the trial court's obligation under subsection (d) of that statute.

In summary, we conclude that Sigman failed to commence his action within the applicable two-year statute of limitations and so his complaint was properly dismissed for failure to state a claim upon which relief may be granted.

Judgment affirmed.

Kirsch, J., and Crone, J., concur.