## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2018, 5:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. Morgan
City of Indianapolis –
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Indianapolis,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Bradley T. Maynard,<br>*Appellee-Defendant.* | July 20, 2018<br><br>Court of Appeals Case No.<br>49A02-1710-MI-2300<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David J. Dreyer,<br>Judge<br><br>Trial Court Cause No.<br>49D10-1702-MI-6368 |

**Mathias, Judge.**

[1]     The City of Indianapolis ("the City") appeals the Marion County Superior

Court's entry of default judgment in favor of Bradley T. Maynard ("Maynard"),

in Maynard's action for judicial review from an administrative decision

upholding his citation for violating a parking ordinance. On appeal, the City argues that Maynard never served a summons upon it when he petitioned for judicial review, and that the default judgment entered against it is consequently void for lack of personal jurisdiction. The City further argues that Maynard's action seeking judicial review was untimely because he did not tender a summons upon the clerk within the limitations period. We agree on both counts, and reverse.

## Facts and Procedural History

[2] On November 4, 2014, Maynard received a citation for leaving his vehicle parked in front of an expired meter. He challenged the citation with the Marion County Board of Ordinance Violations ("the Board"), which held an administrative hearing on the matter on January 19, 2017. The Board found that Maynard had violated the parking ordinance and upheld the citation.

[3] The administrative hearing officer informed Maynard of his right to petition for review within thirty days, and Maynard filed a letter on January 27, 2017, in the Marion County Superior Court requesting a trial *de novo*. With his letter, Maynard filed a copy of the citation and entry of the adverse judgment he meant to challenge, but neither his letter nor the Chronological Case Summary ("CCS") indicates that he filed a summons or any other documents. Appellant's App. pp. 3, 6–8. In his letter, Maynard requested that the letter and attached documents be filed and that the unused copies be returned to him; but he did not request that any copy be served upon the City or give any indication that he had attempted to serve or notify the City himself. *Id.* at 6.

[4] The CCS indicates that the court scheduled a hearing, which it later cancelled and rescheduled twice more before eventually holding a bench trial on September 11, 2017, at which default judgment was entered against the City for failure to appear. Appellant's App. pp. 3–4. The CCS shows that Maynard was served notice each time the hearing was scheduled and rescheduled; but the CCS contains no indication the City was served with these notices, Maynard's letter, a summons, or any other document placing it on notice of the pending action before the entry of default judgment. *Id.*

[5] The trial court, responding to our order to clarify whether any record of the bench trial exists, confirmed that no contemporaneous record was made, but explained that Maynard testified under oath that he had personally served his request for a trial *de novo* upon the City and informed an attorney representing the City of the trial date by phone. Appellant's App. pp. 16–18. The trial court weighed Maynard's testimony about the facts and circumstances of the traffic citation, determined that "Maynard had met the burden of proof," and entered default judgment against the City. *Id.* at 18–19. Two days later, on September 13, 2017, the City entered an appearance and filed a motion to set aside the default judgment pursuant to Indiana Rule of Trial Procedure 60(b), which the court denied on September 28. The City now appeals.

## Discussion and Decision

[6] On appeal, the City denies that it was served a summons or placed on actual notice of the action that Maynard initiated before the entry of default judgment, which it argues was consequently void for want of personal jurisdiction and

should be vacated. Appellant's Br. at 7–8. The City also argues that tendering a summons upon the trial court is a necessary element of initiating a civil action, and that Maynard did not file a summons within thirty days of the administrative decision being challenged—the period of limitations provided by the ordinance—or at any point since Maynard petitioned for review over a year ago. *Id.* at 10–11. As a result, the City argues, Maynard's action for judicial review was not timely brought, and the trial court's decision must not only be vacated, but "reversed." *Id.*[1] Each argument is addressed separately below.

## I. Procedural Posture and Applicable Law

We begin by observing that our research reveals this case is only the second appeal from a parking ticket that has reached this court.[2] As such, this is our first occasion to address the service of process requirements applicable to an appeal from an administrative decision upholding a parking ticket.

Indianapolis Revised Code ("Indianapolis Code") section 103–79 provides that a party may obtain judicial review of such an administrative decision only by filing a verified petition for review within thirty days of the adverse administrative decision. The ordinance also requires a party to obtain and file a

---

[1] The City also argues that the judgment should be vacated because the trial court erred in reviewing the administrative decision *de novo*, rather than applying an arbitrary and capricious standard of review. Appellant's Br. at 8–9. Because we decide that the City prevails on its other two arguments, we need not reach this issue.

[2] As we remarked two years ago in resolving the first such appeal: "Since the City tends to dismiss or excuse tickets that are protested, few cases proceed beyond the administrative level." *See Gilday v. City of Indianapolis*, 54 N.E.3d 378, 382 (Ind. Ct. App. 2016).

certified copy of the record from the administrative hearing and provides that the failure to do so "or obtain an extension of time therefor shall be cause for dismissal of the petition for review upon motion of any party of record." *Id.* at §§ 103–79 (b)–(d); *see also Gilday v. City of Indianapolis*, 54 N.E.3d 378, 382 (Ind. Ct. App. 2016) (discussing record filing requirement).

[9] The ordinance does not specify any requirements for notice or service of process that a petitioner must follow to initiate the judicial review action. Neither does Indiana Code section 36-1-6-9, which permits counties and municipalities to adopt ordinances creating procedures for the administrative enforcement of some types of ordinances, including those related to parking. This statute provides that when a municipal administrative body issues an order imposing a penalty for violation of an ordinance, it may be appealed within sixty days in a court of record in the county where the municipality sits. *Id.* at § 36-1-6-9(e)–(f).

[10] As the ordinance and this enabling statute authorizing its creation are silent about the proper manner of service when bringing an action for judicial review, we turn to the Indiana Rules of Trial Procedure for guidance. Trial Rule 1 provides that: "Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin." Where a statute prescribes special rules of procedure for administrative proceedings or appeals therefrom, the statutory procedure will prevail when it conflicts with the Trial Rules. *State Bd. of Tax Comm'rs v. LeSea Broad. Corp.*, 511 N.E.2d 1009, 1013 (Ind. 1987). However, where the statute does not conflict with the Trial

Rules, but is merely silent as to a particular procedure, the Trial Rules will supply the missing procedure. *See id.* (holding that Trial Rule 5(B)'s definition of "filing" governed where administrative procedure statute did not define term or prescribe method of filing notice of intent to appeal State Board of Tax Commissioners decision); *see also Ball Stores, Inc. v. State Bd. of Tax Comm'rs*, 262 Ind. 386, 316 N.E.2d 674, 677 (1974) (finding that Trial Rule 6 supplied method for computing when statute of limitations began and ended where administrative statute was silent).[3]

[11] As no administrative procedural statutes or ordinances supply any contrary procedure, we conclude that the service of process requirements in the Trial Rules apply by default, and Maynard was accordingly obligated to serve the City pursuant to Trial Rule 4.6(a)(4), as would any ordinary plaintiff who filed a civil action against a city.

## II. Personal Jurisdiction

[12] The City argues that the default judgment was void for lack of personal jurisdiction because the City never received service of process and did not enter

---

[3] In addition to the ordinance and the enabling statue, this action—an appeal authorized by the enabling statute (as well as the ordinance), from a decision of the Indianapolis Board of Ordinance Violations—also seems to have been governed by Indiana Code section 34-13-6-1, which provides that: "An appeal *allowed by statute from* any action or decision of (1) *a board of a city* . . . shall be filed as an original complaint against the city or town in the circuit or superior court of the county in which the municipality is located." (emphasis added). This statute does not provide any service of process requirements either, but another section in this chapter provides that: "The rules of trial procedure govern in all matters of procedure not otherwise provided for by this chapter." Ind. Code § 34-13-6-6.

an appearance until after default judgment was entered against it. It also argues the judgment "runs afoul of due process requirements." Appellant's Br. at 8.

[13] While we generally review a trial court's denial of a motion to set aside a default judgment for abuse of discretion, when the appellant argues that the judgment was void for lack of personal jurisdiction, we review the legal question of whether personal jurisdiction existed *de novo*. *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006). As default judgments are disfavored in Indiana, any doubt as to the propriety of a default judgment is to be resolved in favor of the defaulted party. *Swiggett Lumber Constr. Co. v. Quandt*, 806 N.E.2d 334, 336 (Ind. Ct. App. 2004) (citations omitted).

[14] We also note that Maynard has not filed an appellee's brief. When the appellee has failed to submit an answer brief we need not undertake the burden of developing an argument on the appellee's behalf; and we will reverse the trial court's judgment if the appellant's brief presents a case of *prima facie* error. *Norris v. Personal Finance*, 957 N.E.2d 1002, 1006 (Ind. Ct. App. 2011) (citing *Fifth Third Bank v. PNC Bank*, 885 N.E.2d 52, 54 (Ind. Ct. App. 2008)). "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Id.*

[15] If service of process is inadequate, the trial court does not acquire personal jurisdiction over a party, and any default judgment rendered without personal jurisdiction is void. *Yoder v. Colonial Nat. Mortg.*, 920 N.E.2d 798, 801 (Ind. Ct. App. 2010) (quoting *Swiggett*, 806 N.E.2d at 336). Whether service of process is

sufficient to confer personal jurisdiction upon the trial court turns on whether there was compliance with the Trial Rules regarding service, and whether such attempts at service comported with the Due Process Clause of the Fourteenth Amendment. *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind. Ct. App. 2005). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Yoder*, 920 N.E.2d at 802 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[16] Once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence of a court's personal jurisdiction over the defendant, but "the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint." *Norris*, 957 N.E.2d at 1007 (quoting *LePore v. Norwest Bank Indiana, N.A.*, 860 N.E.2d 632, 634 (Ind. Ct. App. 2007)).

[17] In this case, Maynard should have attempted service on the City pursuant to Trial Rule 4.6(a), which provides, in relevant part, that: "Service upon an organization may be made as follows . . . (4) In the case of a local governmental organization, upon the executive thereof and upon the attorney for the local governmental organization." Further, Trial Rule 4(B) requires that:

> Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint and

summons as are necessary. The clerk shall examine, date, sign, and affix his seal to the summons and thereupon issue and deliver the papers to the appropriate person for service.

[18] We can find no evidence in the trial record that Maynard served the City apart from Maynard's apparent testimony at the bench trial. Maynard's letter requesting a trial *de novo* does not include a certificate of service and neither it nor any document filed with it contains any indication that service was attempted. The CCS also contains no indication that Maynard ever furnished a summons upon the clerk, or that a summons ever existed.

[19] In addition, there is no evidence that Maynard attempted to serve the City pursuant to the Trial Rules. As there is no record from the bench trial, it is unclear if Maynard's testimony included any description of how he attempted to serve the City.[4] However, if Maynard made any such attempt, and it involved furnishing a summons on the clerk, as was required by Trial Rule 4(B), it was never recorded in the CCS.[5]

---

[4] The trial judge only related that "Maynard testified that he had served the action upon the City." Appellant's App. p. 18.

[5] The trial judge also recounted Maynard testifying that he had called the City and spoke to a male attorney, who he informed of the date set for the bench trial. Appellant's App. p. 18. The City asserts that during the relevant period the one attorney who handled all parking citation cases for the City was female. Appellant's Br. at 6 n.1. However, even if we were to credit Maynard's account about the phone call, it would, at most, establish that the City had actual knowledge of the suit, not that it received service. While actual notice resulting from an attempted method of service can show that the method was reasonably calculated to inform and was therefore not deficient, *see Reed Sign Service, Inc. v. Reid*, 755 N.E.2d 690, 696 (Ind. Ct. App. 2001), *trans. denied*, actual knowledge derived from sources other than service is irrelevant to whether a manner of service satisfies due process. *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992).

[20]  "It is well settled that the trial court speaks through its CCS or docket." *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 233 (Ind. Ct. App. 2010) (citing *Young v. State*, 765 N.E.2d 673, 678 n.6 (Ind. Ct. App. 2002)), *trans. denied*.[6] In the instant case, there is nothing in the CCS or trial record that supports Maynard's testimony that he served the City, or which contradicts the City's assertions that it received no service and had no actual knowledge of the action before default judgment was entered.

[21]  As Maynard has not filed an appellee's brief or advanced any contrary evidence or argument on appeal, we conclude that the City has established *prima facia* that it did not receive service of process. There is also no evidence that Maynard made any attempt to serve the City, let alone an attempt reasonably calculated to place the City on notice of the judicial review action. Accordingly, we hold that neither the Trial Rules nor the minimum requirements of due process were satisfied, and that the trial court did not acquire personal jurisdiction over the City. The default judgment against the City was therefore void.

### III.  Timeliness

[22]  The City also argues that tendering a summons upon the clerk is a necessary element of bringing an action for judicial review, and that Maynard's failure to

---

[6] Trial Rule 77(B) also provides that the clerk shall maintain the CCS and that: "The judge of the case shall cause CCS entries to be made of all judicial events. Notation of judicial events shall be made promptly, and shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case."

tender a summons upon the clerk within the applicable period of limitations meant that his action was not timely brought. As a result, the City argues, Maynard forfeited his right to appeal the administrative decision.

[23] Trial Rule 3 provides, in relevant part:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee . . . and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

Citing Trial Rule 3, and Trial Rule 4(B), our supreme court has concluded that a civil action is not timely commenced "if the plaintiff files a complaint within the applicable statute of limitations but does not tender the summons to the clerk within that statutory period." *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173 (Ind. 2002), *aff'd in part and rev'd in part on reh'g*, 768 N.E.2d 899 (Ind. 2002).[7]

[24] Subsequent decisions of this court have interpreted *Ray-Hayes* as setting a bright-line rule and have held that even relatively small deviations from Trial Rule 3's filing requirements will render an action untimely. For example, in *Smith v. Haggard*, 22 N.E.3d 801, 804 (Ind. Ct. App. 2014), we held that the plaintiff's action was untimely where the plaintiff had timely filed their

---

[7] On rehearing, the supreme court affirmed its holding but concluded that it only applied prospectively. 768 N.E.2d at 901.

complaint and paid the filing fee but did not tender a summons upon the clerk until two days after the statute of limitations expired. In *Hortenberry v. Palmer*, 992 N.E.2d 921, 923 (Ind. Ct. App. 2013), *trans. denied*, we found that a plaintiff's action was untimely where the summons and complaint were timely filed but the plaintiff mistakenly paid two dollars less than the required filing fee. We explained this result in *Smith*, where we noted that while the *Hortenberry* court:

> [A]cknowledged that dismissal of the plaintiff's case "produc[ed] a harsh result [. . . ,]" and reiterated our preference for deciding cases on their merits[. . . . ,]"that preference 'does not displace the legislative policy which undergirds the statute of limitations,' that is, to spare courts from stale claims and insure that parties are given reasonable notice that a claim is being asserted against them.'"

*Smith*, 22 N.E.3d at 804 (quoting *Hortenberry*, 992 N.E.2d at 926) (in turn quoting *Boostrom v. Bach*, 622 N.E.2d 175 (Ind. 1993)).

[25] As this was a case where service of process was required, Trial Rule 3 obligated Maynard to furnish a summons upon the clerk before his action for judicial review could commence. Indianapolis Code § 103–79 provides that decisions of administrative hearing officers may only be appealed by filing a verified petition for judicial review within thirty days of the adverse decision. While Maynard petitioned for review within this thirty-day period of limitations, we find no evidence in the CCS indicating that he tendered a summons upon the clerk

within this thirty-day window or, for that matter, at any point since he petitioned for review over a year ago.

[26] As such, we are bound by precedent to hold that Maynard's judicial review action was untimely. If tendering a summons on the clerk two days late or underpaying on a filing fee by two dollars will render an action untimely under the bright-line rule recognized in *Ray-Hayes*, then this action must be considered untimely where no summons was tendered at all. As Indianapolis Code § 103–79 provides that a failure to petition for review within the allotted time will waive the right to appeal the administrative decision, we find that Maynard is time-barred from bringing another action for judicial review.

## Conclusion

[27] We conclude that defective service of process deprived the trial court of personal jurisdiction and its default judgment against the City must be set aside as void. We further conclude that Maynard's action for judicial review was not timely brought and he consequently waived his right to challenge the administrative decision upholding his citation. We therefore reverse the trial court's the entry of default judgment, and remand with instructions that the trial court vacate its judgment and reinstate the Board's decision.

[28] Reversed and remanded.

Riley, J., and May, J., concur.