## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 20 2018, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Carl Johnson
Pendleton, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Carl Johnson,

*Appellant-Plaintiff,*

v.

Corrections Officer Captain
Blattner, et al.,

*Appellees-Defendants.*

August 20, 2018

Court of Appeals Case No.
48A05-1711-PL-2840

Appeal from the Madison Circuit
Court

The Honorable Angela Warner
Sims, Judge

Trial Court Cause No.
48C01-1507-PL-87

**Bailey, Judge.**

# Case Summary

Robert Carl Johnson ("Johnson") appeals the trial court's grant of summary judgment to State Defendants, Corrections Officer Captain Blattner and Corrections Officer Schell ("the State"). Johnson raises one issue on appeal, which we restate as follows: whether the trial court erred in granting the State summary judgment because Johnson failed to exhaust his administrative remedies before filing a lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

We reverse and remand.

# Facts and Procedural History

Johnson is serving a forty-nine year and eleven-month sentence for robbery at the Department of Correction's ("DOC") Correctional Industrial Facility ("CIF"). On July 28, 2015, he filed a complaint in Madison Circuit Court alleging the State violated his right to privacy under the Fourth Amendment to the U.S. Constitution and his right to equal protection under the Fourteenth Amendment to the U.S. Constitution when two correctional officers performed a search of his cell and his person four times within the span of seven days, contrary to their treatment of other offenders. The State moved to dismiss the suit for failure to state a claim upon which relief may be granted, and the trial court granted that motion. Johnson appealed, and, on December 26, 2016, a panel of this court affirmed the dismissal of the Fourth Amendment claim but

reversed the dismissal of the Fourteenth Amendment claim and remanded the case. *Johnson v. Corr. Officer Captain Blattner*, No. 48A02-1602-PL-285, 2016 WL 7333630, at *3 (Ind. Ct. App. 2016).

[4] On remand, on February 23, 2017, the State filed a motion for summary judgment on the grounds that Johnson failed to exhaust his administrative remedies before filing his complaint, in violation of the PLRA. On March 3, Johnson filed a motion for partial summary judgment, contending that he exhausted his administrative remedies to the extent allowed by the State. Both parties designated evidence in support of their motions and the trial court held a hearing on those motions on August 17, 2017.

[5] The parties' designated evidence was as follows. On January 9, 2015, Johnson filed an Offender Grievance on State Form 45471—grievance number 86162—in which he complained that CIF officers had searched his cell and his person through strip searches that included anal cavity searches for "four days straight almost[,]" in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution. Appellees' App. at 97. He indicated that he had been unable to resolve the issue informally because there was no one available at the time to take his complaint. *Id.* On January 12, 2015, the State received Johnson's grievance and responded to it with a denial entitled "Offender Grievance Response Report." *Id.* at 98. On February 6, 2015, Johnson filed with the State a "Request for Interview," State Form 36935, in which he requested "a copy of [his] grievance appeal." *Id.* at 100. On February 9, Johnson submitted to the State an "Affidavit of Mailing" in which he swore

that he had filed his appeal regarding grievance number 86162 on January 13, 2015, but had not yet received any response. *Id.* at 93; State's Br. at 10. Along with his appeal, Johnson had sent the State a copy of the January 12 Offender Grievance Response Report, but he did not sign or date the bottom of that document. *Id.* at 91.

[6] On December 26, 2016, Johnson filed with the State a "Request for Access to Public Record" in which he requested copies of "all and any records pertaining to grievance # 86162." *Id.* at 95. On January 12, 2017, Johnson filed another "Request for Interview," State Form 36935, in which he again requested copies of "his grievance and its appeal under grievance number #86162." *Id.* at 99. On January 20, Johnson filed another "Request for Interview" form in which he notified the State that, although he had received a copy of the formal grievance regarding grievance number 86162, he had not received a copy of the "appeal paperwork" for that grievance. *Id.* at 96. He requested any written receipt the State might have that indicated it had sent the appeal paperwork "'down State' to D.O.C." *Id.* The State responded to the January 20 request as follows: "You never appealed this grievance[,] Sir[,] so there would be no appeals, receipts, etc." *Id.*

[7] In support of its summary judgment motion, the State designated an affidavit from the CIF Offender Grievance Administrator which stated in relevant part, "Johnson did not file a formal appeal of the grievance … on the matter related to searches in early January of 2015." *Id.* at 44. The State also designated CIF's "History of Grievances" for Johnson, a grievances log which indicated

that Johnson filed formal grievance number 86162, received on January 12, 2015, regarding searches and use of restraints but did not reflect that Johnson ever filed a formal appeal of the denial of that grievance. *Id*. at 79.

[8] DOC grievance procedures are governed by policy number 00-02-301, titled "Offender Grievance Process," of the DOC's Policy and Administrative Procedures Manual. *Id*. at 47-76. Under this policy, the

> Offender Grievance Process consists of three steps: (1) an informal attempt to solve a problem or address a concern, which can be followed by (2) submission of a written form setting out the problem or concern and other information, and the response to that submission, which can be followed by (3) a written appeal of the response to a higher authority *and the response to that appeal*.

*Id*. at 51 (emphasis added). A grievance is defined as a written complaint submitted on State Form 45471, and an appeal is defined as "[a] request for review of a facility-level response to a grievance by the Department Offender Grievance Manager." *Id*. at 48-49.

[9] After an offender has filed a grievance and received a grievance response with which he disagrees, the offender has a right to appeal the response within ten working days of receiving it. *Id*. at 69.

> The original grievance, any grievance response, and any other information submitted with the original grievance must be included with the appeal.
>
> Staff receiving the appeal shall forward it to the Executive Assistant within one (1) working day after receiving it. The

Executive Assistant shall indicate the date he or she received the appeal and *shall generate a receipt for the appeal. The receipt shall be given to the offender* within one (1) working day from the date the appeal is logged. The Executive Assistant *shall log the appeal* and determine whether all pertinent information is included. If the appeal is complete, the Executive Assistant or designee shall scan all of the pertinent information relating to the grievance and appeal into the Offender Grievance System and send all of the information to the Department Offender Grievance Manager electronically.

*Id.* (emphasis added). The Grievance Manager then makes a final decision within twenty working days of receiving the appeal from the Executive Assistant and informs the Executive Assistant of the decision. As the last step in the offender grievance process, the Executive Assistant must then provide that final decision to the offender within two working days of receiving it from the Grievance Manager.

[10] On October 19, 2017, the trial court granted the State's motion for summary judgment. Johnson now appeals that order.

# Discussion and Decision

[11] Johnson maintains that the trial court erred in granting summary judgment[1] to the State. Our standard of review for summary judgment is well settled. When

---

[1] Summary judgment is a permissible vehicle to address a plaintiff's alleged failure to exhaust administrative remedies. *See Jackson v. Wrigley*, 921 N.E.2d 508, 513 (Ind. Ct. App. 2010).

reviewing a grant or denial of summary judgment, we apply the same standard as the trial court. *Holmes v. Celadon Trucking Serv. of Ind., Inc.*, 936 N.E.2d 1254, 1256 (Ind. Ct. App. 2010).

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party.

*Daviess-Martin Cty. Joint Parks and Recreation Dep't v. Estate of Abel by Abel*, 77 N.E.3d 1280, 1285 (Ind. Ct. App. 2017) (citations omitted).

[12] The trial court granted the State's motion for summary judgment because it held that Johnson had not exhausted his administrative remedies prior to filing a lawsuit under 42 United States Code § 1983, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a); *see also Higgason v. Stogsdill*, 818 N.E.2d 486, 489 (Ind. Ct. App. 2004), *trans. denied*. Administrative remedies are considered exhausted as required by the PLRA when the grievant complies with all the rules of the prison grievance system. *Smith v. Butts*, 66 N.E.3d 967, 971 (Ind. Ct. App. 2016).

[13] We hold that the trial court erred in granting summary judgment in this case because there is a genuine issue of material fact regarding whether or not Johnson completed the last step of the DOC grievance process by filing an

appeal of the Offender Grievance Response issued by the State on January 12, 2015. The State designated an affidavit from the CIF Offender Grievance Administrator, dated February 23, 2017, which stated that Johnson did not file a formal appeal of the January 12, 2015 decision regarding the grievance. The State also designated its grievances history log for Johnson which also indicated Johnson did not file a formal appeal of the grievance. However, Johnson designated his affidavit, dated February 9, 2015, in which he swore that he did file an appeal of the grievance on January 13, 2015. Johnson also designated his February 6, 2015 request to the State for a copy of his appeal of the grievance. In addition, Johnson designated two requests made in January 2017 for copies of the appeal of the grievance. Thus, there exists a genuine issue of material fact as to whether Johnson filed an appeal of the January 12, 2015 grievance response,[2] making summary judgment inappropriate. *Estate of Abel*, 77 N.E.3d at 1285.

---

[2] Much of the State's appeal brief is devoted to arguing in the alternative that, even if Johnson did file an appeal of the grievance, that appeal was inadequate because he did not note at the bottom of the Offender Grievance Response Report that he disagreed with the decision, nor did he sign and date that form. State's Br. at 12, 18-21. Given our holding, above, we need not address this contention. However, we note that nowhere in DOC policy number 00-02-301 does it require that an offender complete the bottom of the Offender Grievance Response Report in order to perfect his appeal. Appellee's App. at 47-76. Furthermore, it is not possible to tell whether Johnson's appeal, if filed, was sufficient because the State failed to keep a copy of the appeal as required by its own rules. *Id*. at 57 (Sec. XI (E), (H), and (K)). And the State did not give Johnson any response at all to his appeal, if filed, as also required by its own rules. *Id*. at 51, 69.

# Conclusion

[14]   Because there is a genuine issue of material fact as to whether Johnson exhausted his administrative remedies, we reverse and remand for further proceedings.

[15]   Reversed and remanded.

Mathias, J., and Bradford, J., concur.